AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Colby Purkel<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case: 1:23-mj-00318<br>Assigned to: Judge Upadhyaya, Moxila A.<br>Assign Date: 11/21/2023<br>Description: COMPLAINT W/ ARREST WARRANT |

## ARREST WARRANT

To:     Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Colby Purkel                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☒ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(3) - Civil Disorder
18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds,
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds,
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building.

Date:      11/21/2023                                 _____
                                                              *Issuing officer's signature*

City and state:          Washington, D.C.                   Honorable Moxilla A. Upadhyaya
                                                              *United States Magistrate Judge*

---

|                                        Return                                        |
|---|
| This warrant was received on *(date)*  11/21/2023 , and the person was arrested on *(date)*  11/30/2023<br>at *(city and state)*   Covington, LA         .<br><br>Date:  11/30/2023                          _____<br>                                                    *Arresting officer's signature*<br><br>                                  Special Agent  Christina Thomas<br>                                                    *Printed name and title* |

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

United States of America
v.

Willard Purkel Jr., (DOB: XXXXXXXXX)
Colby Purkel, (DOB: XXXXXXXX)

*Defendant(s)*

)
)
)
)
)
)
)
)

Case: 1:23-mj-00318
Assigned to: Judge Upadhyaya, Moxila A.
Assign Date: 11/21/2023
Description: COMPLAINT W/ ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 231(a)(3) - Civil Disorder | |
| 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds, | |
| 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds, | |
| 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and | |
| 40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ____11/21/2023____

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Honorable Moxilla A. Upadhyaya
*United States Magistrate Judge*

Case: 1:23-mj-00318
Assigned to Judge Upadhyaya, Moxila A.
Assign Date: 11/21/2023
Description: COMPLAINT W/ ARREST WARRANT

### STATEMENT OF FACTS

Your affiant, ███████████, is a ███████████ with the Federal Bureau of Investigation, assigned to the ███████████████████, Joint Terrorism Task Force. In my duties as a ████████████, I investigate domestic terrorism. I have been employed in a law enforcement capacity since September 2005, first with the ████████████████████████████ (2005-2007), then with the ████████████████████████████████ (2007-2017), then with the ██████████████████ ████████████████████ (2017-2022), and since 2022 with the FBI. As a law enforcement officer, I have participated in a wide variety of criminal investigations concerning, among other things, robbery, drug and violent crimes, white collar crimes, and other non-violent crime. In addition, I have participated in the preparation and execution of many searches and arrests. Among other things, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a ████████████, I am authorized by law or by a government agency to engage in the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

## I.    Background Regarding The Events Of January 6, 2021

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, S.E., in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President

Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## II.    Identification of Willard and Colby Purkel

According to records obtained through a search warrant served on Google, mobile devices using the emails expertXXX@XXX.com and cpXXX@XXX.com were present at the U.S. Capitol on January 6, 2021. Google estimates device location using sources including GPS data and information about nearby Wi-Fi access points and Bluetooth beacons. This location data varies in its accuracy, depending on the sources of the data. As a result, Google assigns a "maps display radius" for each location data point. Thus, where Google estimates that its location data is accurate to within 10 meters, Google assigns a "maps display radius" of 10 meters to the location data point. Finally, Google reports that its "maps display radius" reflects the actual location of the covered device approximately 68% of the time.

In this case, Google records showed that the mobile devices using expertXXX@XXX.com and cpXXX@XXX.com were present at the locations illustrated in Images 1 and 2 below, respectively. The mobile devices were within the U.S. Capitol at locations reflected by each darker blue circle in Images 1 and 2 below, with the "maps display radius" reflected by each lighter blue ring around each darker blue circle. As illustrated in Image 1, the listed locations for the device using expertXXX@XXX.com encompass areas that are at least partially within the U.S. Capitol Building between approximately 2:49 PM and 4:22 PM. And as illustrated in Image 2, the listed locations for the device using cpXXX@XXX.com encompass areas that are at least partially within the U.S. Capitol Building between approximately 2:48 PM and 4:22 PM.

Records obtained through requests to Google revealed that the user of the expertXXX@XXX.com email was "Will Purkel," and the user of the cpXXX@XXX.com email was "Colby Purkel." The expertXXX@XXX.com email had a recovery phone number beginning with "985," a Louisiana area code. Checks of open source data identified "Will Purkel" as "Willard Purkel," residing in Covington, Louisiana, with the same phone number as the recovery number.

 

*Image 1: Movement of device used by Willard Purkel*   *Image 2: Movement of device used by Colby Purkel*

I have compared driver's license photographs and other publicly available images from social media of Willard John Purkel, Jr. and Colby John Purkel to open-source and Closed-Circuit Video ("CCV") footage from the vicinity of the Capitol on January 6, 2021. Based on that review, I believe that both Willard Purkel and Colby Purkel were in Washington, D.C. that day, and entered the restricted perimeter that had been established around the Capitol grounds, and ultimately the Capitol building itself.

On October 27, 2021, FBI agents attempted to interview Willard and Colby Purkel at their home. Both refused to speak with the FBI, though the agents were able to verify that the Purkels are, in fact, photographed in the images marked "agent identified" below. Those photos in which the agents could not verify that the Purkels were photographed because their faces were obscured, can instead by identified by the clothing they wore in the photos where they were identified.

Additionally, I conducted remote surveillance on the Purkels' house over the course of several months. From approximately 15 to 20 yards away, I observed both Willard Purkel and Colby Purkel walking in their driveway and in vehicles. I can confirm that the men I saw were those in the photos included in this affidavit.

On September 21, 2023, I interviewed a former neighbor of the Willard Purkel and Colby Purkel ("Witness-1"). Witness-1 was familiar with the appearance of the Purkels, in part because Colby Purkel frequently visited Witness-1's house. I showed Witness-1 Image 3, which was taken in the vicinity of the U.S. Capitol on January 6, 2021. Witness-1 identified both Willard Purkel (circled in yellow) and Colby Purkel (indicated with a green box) in the photograph.



*Image 3: Photo shown to Witness-1 (agent identified)*

Further, on August 25, 2023, I interviewed an associate of the Purkels who was with them in Washington, D.C. on January 6, 2021. I showed the associate the picture of the Purkels and others below. The associate confirmed that the man circled in green was "Colby," though did not know his last name. Colby Purke's face in the photo the associate reviewed matches that in other photos from January 6, 2021.



*Image 4: Image shown to an associate of the Purkels. Colby Purkel is circled in green (agent identified).*

4

Finally, I also reviewed the bank records of Willard Purkel that Hancock Whitney Bank produced in response to a subpoena. Those records showed that Willard Purkel paid for a hotel room in Washington D.C. with his credit card on January 4, 2021, two days before the attack on the Capitol. Notably, Image 4 above appears to have been taken outside the Courtyard Marriott at 905 L Street NW in Washington DC. The sidewalk (gray then brick) and fenced greenspace seen in the photo match the entrance to that hotel, and the glass awning in the distance matches that of the building across the street from the hotel.

 

*Image 5: Gray and brick sidewalk and fenced greenspace outside the L Street Courtyard Marriott matches that in Image 4*

*Image 6: Frosted class awning of building across the street from L Street Courtyard Marriott matches that in image 4*

### III.    Actions Of Willard John Purkel, Jr. And Colby John Purkel On January 6, 2021

On January 6, 2021, Willard Purkel attended the "Stop the Steal" rally near the Washington Monument. He wore a tan jacket, tan pants, black tactical vest with American flag on it, and navy-blue cap. He also carried a tan backpack. Willard photographed or videotaped moments from the rally on his phone.

 

*Image 7: Willard Purkel (circled in orange)*
*at the Stop the Steal rally (agent identified)*

*Image 8: Willard Purkel at the Stop the Steal*
*rally (agent identified)*

Sometime after the rally, both Willard and Colby Purkel made their way to the Capitol, where they walked north to get to the building's east side. Willard was wearing the same clothes described above. Colby wore a gray jacket, gray hat, gray or navy pants, and black ski mask.



*Image 9: Willard Purkel (indicated in orange) and Colby Purkel (indicated in green) walking*
*around the Capitol's north side (agent identified)*

On the east side of the Capitol building, the Purkels were part of the crowd that forced their entry through the East Rotunda Doors into the Capitol. Colby raised his phone up in the air to videotape the moment. A glass window in the door was partly smashed, and a loud siren could be heard, indicating that the door had been breached:



*Image 10: Colby Purkel (circled in green) and Willard Purkel (circled in orange) outside the East Rotunda Doors (identified by clothing)*







*Image 11: Smashed glass in the East Rotunda Door*

*Image 12: Willard Purkel visible in the same video moments earlier (agent identified)*

At approximately 3:07 p.m., a group of rioters tried to enter through the East Rotunda Door, while another group of rioters tried to exit. Police, meanwhile, tried to shut the doors to stop an influx of rioters.  Willard and Colby Purkel, attempting to get in, pushed against the officers, blocking them from closing the doors before the police managed to do so. Willard Purkel briefly made contact with at least one officer, touching the officer as Willard Purkel tried to push through, before Willard Purkel himself was pushed back by another officer.




*Image 13: Colby Purkel joins crowd trying to enter through East Rotunda Doors (agent identified)*

*Image 14: Willard Purkel joins crowd trying to enter through East Rotunda Doors (agent identified)*



*Image 15: Willard and Colby Purkel struggling with police around 3:07 p.m. (agent identified)*

Around 3:21 p.m., with the doors opened again to get rioters out of the building, the Purkels managed to push their way in, streaming into the lobby outside the Rotunda.



*Image 16: Willard and Colby Purkel around 3:21 p.m. (agent identified for Willard Purkel; Colby identified by clothing)*

Willard and Colby Purkel then joined in a crowd that pushed against police who were trying to prevent the protesters from entering the Rotunda itself. Shortly before the police could close the door around 3:25 p.m., the Purkels forced themselves into the Rotunda.



*Image 17: Willard Purkel near inner Rotunda doors (identified by clothing)*



*Image 18: Colby Purkel near inner Rotunda doors (identified by clothing)*

Once inside, the rioters were surrounded by a group of officers, who were able to control the situation. As the police worked to get control of the area, Willard Purkel took a selfie, while Colby Purkel looked at his phone.



*Image 19: Willard Purkel takes selfie in the Capitol Rotunda (agent identified)*



*Image 20: Colby Purkel looks at phone in the Capitol Rotunda (agent identified)*

After a few minutes, the Purkels, along with other protesters, were escorted out of the Rotunda—Colby Purkel with his hands raised—and taken out of the building. Both Willard and Colby appeared to photograph or video their exit.



*Image 21: Willard and Colby Purkel escorted out of the Rotunda (agent identified for Willard Purkel; Colby Purkel identified by clothing)*

 

*Image 22: Willard Purkel leaving the Capitol*
*building (identified by clothing)*

*Image 23: Colby Purkel leaving the Capitol*
*building (identified by clothing)*

Though the Purkels left the Capitol building, they did not immediately leave the Capitol grounds. On the east side of the Capitol, for instance, Willard Purkel climbed atop an armored truck. Eventually, the Purkels walked to the west side of the Capitol, where rioters remained as police tried to clear the area.



*Image 24: Willard and Colby Purkel on the east side of the Capitol (agent identified)*

11



*Image 25: Willard Purkel atop an armored truck (identified by clothing)*



*Image 26: Willard and Colby Purkel on the west side of the Capitol (Willard Purkel identified by his face, Colby Purkel by his clothes)*

\* \* \*

Based on the foregoing, I submit that there is probable cause to believe that Willard John Purkel, Jr. and Colby John Purkel violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of 18 U.S.C. § 231, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Secret Service's protection of the Vice President and his family and the Capitol Police's protection of the U.S. Capitol.

I also submit there is probable cause to believe that Willard John Purkel, Jr. and Colby John Purkel violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions. For purposes of 18 U.S.C. § 1752, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

I also submit that there is probable cause to believe that Willard John Purkel, Jr. and Colby John Purkel violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.



Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 21st day of November, 2023.

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

MINUTE ENTRY
DECEMBER 1, 2023
VAN MEERVELD, M. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 23-120

COLBY PURKEL                                 SECTION: MAG

INITIAL APPEARANCE

APPEARANCES:  X  DEFENDANT WITH/WITHOUT COUNSEL  _Annalise Miron for_
              _appointment_
              X  ASSISTANT U.S. ATTORNEY   GREGORY M. KENNEDY
              ___ INTERPRETER
              Designated by Court and sworn.   Time: _____ .M   to  _____ M.

__ / DEFENDANT CONSENTED TO APPEAR BY VIDEO

X / DEFENDANT WAS ADVISED OF HIS RIGHTS

X / READING OF THE COMPLAINT FROM DC WAS:
     READ   WAIVED  (SUMMARIZED)

__ / DEFENDANT INFORMED THE COURT THAT COUNSEL HAS BEEN/WOULD BE
RETAINED

X / REQUESTED COURT-APPOINTED COUNSEL; SWORN RE FINANCIAL STATUS

X / FEDERAL PUBLIC DEFENDER APPOINTED TO REPRESENT THE DEFENDANT
X _Defendant orally waived conflict of counsel for this hearing_
__ / DEFENDANT FOUND NOT TO BE LEGALLY INDIGENT

MJSTAR: 00: 15

X BOND SET AT $5,000.00 *unsecured appearance bond*

SPECIAL CONDITIONS: (1) HE SHALL NOT COMMIT A FEDERAL, STATE OR LOCAL CRIME DURING THE PERIOD OF RELEASE; (2) HE SHALL NOT INTERFERE WITH, INTIMIDATE, THREATEN, HARM, OR INFLUENCE ANY JUROR, GOVERNMENT WITNESSES, VICTIMS OR FEDERAL AGENTS.

*See attached for additional conditions of release*

_/ GOVERNMENT ADVISED OF ITS OBLIGATIONS TO PRODUCE ALL EXCULPATORY EVIDENCE TO THE DEFENDANT PURSUANT TO *BRADY V. MARYLAND* AND ITS PROGENY AND ORDERED TO DO SO TIMELY.

_/ DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL

X/ DEFENDANT RELEASED ON BOND

X/ DEFENDANT INFORMED THAT PRELIMINARY HEARING/REMOVAL HEARING/ *Identity*/

ARRAIGNMENT IS SET FOR *waived; to be held in District of Columbia*

_/ HEARING TO DETERMINE COUNSEL IS SET FOR _____

_/ DEFENDANT INFORMED THAT DETENTION HEARING IS SET FOR

_____

_/ DEFENDANT ORDERED TO RE-APPEAR FOR PRELIMINARY HEARING/REMOVAL

HEARING/ARRAIGNMENT/DETENTION HEARING/HEARING TO DETERMINE COUNSEL

WITH COUNSEL _____

_/THE COURT ACCEPTED DEFENDANTS VERBAL CONSENT IN LIEU OF SIGNATURE ON THE APPEARANCE BOND AND ORDER SETTING CONDITIONS OF RELEASE.

X *Waiver of Rule 5 & 5.1 Hearings executed*

DEFENDANT'S NAME: COLBY PURKEL                    CASE NO. 23-120 MAG

ADDITIONAL CONDITIONS OF RELEASE

Third Party Custodian: _____

The defendant must:

__X__ a) submit to supervision by and report for supervision to _US PROBATION_

_____ b) continue or actively seek employment

__X__ d) surrender any passport to _U.S. Probation_

__X__ e) not obtain a passport or other international travel document

__X__ f) abide by the following travel restrictions: Continental U.S. _____ EDLA __X__ LA _____

Other __District of Columbia w/ allowance to Continental U.S. with__
__prior approval__

_____ g) avoid all contact with victim/witness _____ co–defendants _____

Other _____

_____ h) medical or psychiatric treatment if directed by Pretrial Services

__X__ k) not possess firearm, destructive device or other weapon

_____ l) not use alcohol: at all _____ excessively _____

_____ m) not use or unlawfully possess narcotic drug/controlled substances

_____ n) submit to testing for a prohibited substance if required by Pretrial Services

_____ o) participate in inpatient/outpatient substance abuse therapy/counseling if directed by

Pretrial Services

_____ p) participate in location restriction program: _____ (i) Curfew

_____ (ii) Home Detention

_____ (iii) Home Incarceration

_____ (iv) Stand Alone Monitoring

_____ q) submit to the following location monitoring technology and comply with its requirements as directed:

_____(i) Location monitoring technology as directed by the pretrial services or supervising officer; or

_____(ii) Voice Recognition; or

_____(iii) Radio Frequency; or

_____(iv) GPS.

_____ r) pay all or part of the cost of location monitoring as determined by Pretrial Services or supervising officer

__X__ s) report every contact with law enforcement personnel to Pretrial Services

__X__ t) Other(s): _attend all court proceedings in District_
_____ _of Columbia_

_____

_____

_____

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   23-120 MAG |
| COLBY PURKEL | ) | |
| | ) | Charging District's Case No.   1:23-mj-00318 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*
District of Columbia

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☒     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☒ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   12/1/23

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Annalisa Miron
*Printed name of defendant's attorney*

AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                     Page 1 of ____4____ Pages

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **COLBY PURKEL** | ) | Case No.   23-120 MAG |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____NEW ORLEANS, LOUISIANA_____
*Place*

on _____WHEN ORDERED_____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 10/20) Additional Conditions of Release                                                   Page __2__ of __4__ Pages

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____     Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
                                                 *Custodian*                                  *Date*

( ■ )  (7)  The defendant must:
   ( ☑ )  (a)  submit to supervision by and report for supervision to the   U.S. Probation _____ ,
        telephone number _____ , no later than _____ .
   ( ☐ )  (b)  continue employment.
   ( ☐ )  (c)  continue or start an education program.
   ( ☑ )  (d)  surrender any passport to:   U.S. Probation _____
   ( ☑ )  (e)  not obtain a passport or other international travel document.
   ( ☑ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Travel restricted to the Eastern District of Louisiana and District
        of Columbia with allowance to Continental U.S. with prior permission
   ( ☐ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

   ( ☐ )  (h)  get medical or psychiatric treatment: _____

   ( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

   ( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
   ( ☑ )  (k)  not possess or attempt to possess a firearm, destructive device, or other weapon.
   ( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
   ( ☐ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   ( ☐ )  (n)  submit to testing for a prohibited substance as instructed by the pretrial services office or supervising officer. Testing may be used random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
   ( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
   ( ☐ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
      ( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
      ( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
      ( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
      ( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
           **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
   ( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:

## ADDITIONAL CONDITIONS OF RELEASE

(☐) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
(☐) (ii)  Voice Recognition; or
(☐) (iii) Radio Frequency; or
(☐) (iv) GPS.

(☐) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(☑) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☑) (t)  attend all court proceedings in District of columbia

~
~

AO 199C  (Rev. 09/08)  Advice of Penalties                                                                 Page __4__ of __4__ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_Covington  Louisiana_
_____
City and State

### Directions to the United States Marshal

(  ✓  ) The defendant is ORDERED released after processing.

(     ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  **Dec. 1, 2023**            _____
                                                          Judicial Officer's Signature

                                                   Janis van Meerveld, U. S. Magistrate Judge
                                                   _____
                                                          Printed name and title


DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

# UNITED STATES DISTRICT COURT
for the

EASTERN District of LOUISIANA

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| COLBY PURKEL | )   Case No.   23-120 MAG |
| | ) |
| _Defendant_ | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ COLBY PURKEL _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

        ( X )    to appear for court proceedings;

        ( X )    if convicted, to surrender to serve a sentence that the court may impose; or

        ( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $  _5,000.00_____.

(   ) (3)  This is a secured bond of $ _____, secured by:

    (   ) (a) $ _____, in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):*

    _____

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*
        ❑ Personal Surety        ❑ Commercial Surety

    _____
    _____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

DEFENDANT: COLBY PURKEL                                    CASE NO.:23-120 MAG

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)    all owners of the property securing this appearance bond are included on the bond;
(2)    the property is not subject to claims, except as described above; and
(3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: _12-1-23_                                        _____
                                                        *Defendant's signature*

_____                      _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*

_____                      _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*

_____                      _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*


*JUDICIAL OFFICER/CLERK OF COURT*

Date: _____                                 _____
                                                        *Signature of Judicial Officer/Clerk or Deputy Clerk*

Approved.

Date: _Dec. 1, 2023_                                  _____
                                                        *Magistrate Judge/Judge's signature*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 23-120 MAG |
| COLBY PURKEL | ) | |
| | ) | Charging District:          District of Columbia |
| *Defendant* | ) | Charging District's Case No.   1:23-mj-00318 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: Zoom - link attached | Courtroom No.:  Judge Meriweather |
|---|---|
| | Date and Time: 12/7/2023 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: **Dec. 1, 2023**

*Judge's signature*

Janis van Meerveld, U.S. Magistrate Judge
*Printed name and title*

CLOSED

# U.S. District Court
# Eastern District of Louisiana (New Orleans)
# CRIMINAL DOCKET FOR CASE #: 2:23-mj-00120-DM All Defendants

Case title: USA v. Purkel et al

Date Filed: 12/01/2023

Other court case number: 1:23:-mj-00318 USDC, District of Columbia

Date Terminated: 12/01/2023

---

Assigned to: Magistrate Duty Magistrate

**Defendant (1)**

**Willard Purkel, Jr**
*TERMINATED: 12/01/2023*

represented by  **Annalisa Miron**
Office of the Federal Public Defender
Eastern District of Louisiana
500 Poydras Street
Suite 318
New Orleans, LA 70130
504-589-7952
Email: annalisa_miron@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender Appointment*

**Pending Counts**                                **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                             **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                    **Disposition**

None

---

Assigned to: Magistrate Duty Magistrate

**Defendant (2)**

**Colby Purkel**                                       represented by **Annalisa Miron**
*TERMINATED: 12/01/2023*                                            (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Designation: Public Defender Appointment*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                        **Disposition**

None

---

**Plaintiff**

**USA**                                               represented by **Gregory M. Kennedy**
                                                                   U. S. Attorney's Office (New Orleans)
                                                                   650 Poydras St.
                                                                   Suite 1600
                                                                   New Orleans, LA 70130
                                                                   504-680-3000
                                                                   Email: greg.kennedy@usdoj.gov
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2023 | 1 | Minute Entry for proceedings held before Magistrate Judge Janis van Meerveld: Initial Appearance as to Willard Purkel, Jr held on 12/1/2023. Defendant Released. (Court Reporter Criminal Magistrate.) (Attachments: # 1 Papers from D.C., # 2 Criminal Magistrate Case Sheet) (nml) (Main Document 1 replaced on 12/4/2023) (nml). (Entered: 12/04/2023) |
| 12/01/2023 | 2 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Willard Purkel, Jr. Signed |

| | | |
|---|---|---|
| | | by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 3 | CJA 23 Financial Affidavit by Willard Purkel, Jr (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 4 | Unsecured Bond Set & Executed as to Willard Purkel, Jr in amount of $50,000. Defendant Released. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 5 | ORDER Setting Conditions of Release. Signed by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 6 | WAIVER of Rule 5 & 5.1 Hearings by Willard Purkel, Jr (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 7 | ORDER OF REMOVAL to District of Columbia as to Willard Purkel, Jr. Signed by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 9 | Minute Entry for proceedings held before Magistrate Judge Janis van Meerveld: Initial Appearance as to Colby Purkel held on 12/1/2023. Appearance entered by Annalisa Miron for Colby Purkel. Defendant Released. (Court Reporter Criminal Magistrate.) (Attachments: # 1 Papers from D.C., # 2 Criminal Magistrate Case Sheet) (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 10 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Colby Purkel. Signed by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 11 | CJA 23 Financial Affidavit by Colby Purkel (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 12 | Unsecured Bond Set & Executed as to Colby Purkel in amount of $5000. Defendant Released. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 13 | ORDER Setting Conditions of Release. Signed by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/01/2023 | 14 | WAIVER of Rule 5 & 5.1 Hearings by Colby Purkel (nml) (Main Document 14 replaced on 12/4/2023) (nml). (Entered: 12/04/2023) |
| 12/01/2023 | 15 | ORDER OF REMOVAL to District of Columbia as to Colby Purkel. Signed by Magistrate Judge Janis van Meerveld on 12/1/2023. (nml) (Entered: 12/04/2023) |
| 12/04/2023 | 17 | PRETRIAL BAIL REPORT as to Willard Purkel, Jr. NOTE: The attached document will only be accessible to the criminal duty judge, the government attorney and the attorney for the applicable defendant for bail determination proceedings. After the proceedings are completed, only Probation will have access. (Carmouche, Elaina) (Entered: 12/04/2023) |